**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**VICKIE M. STRINGER,**

      **Plaintiff,**

  v.

**FIRST STUDENT, INC.,** *et al.*,

      **Defendants.**

Civil Action No. 2:25-cv-1055
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Vickie M. Stringer, proceeding *pro se*, initiated this action by filing an application to proceed *in forma pauperis*. (ECF No. 1.) Pursuant to the Court's Order (ECF No. 3), Plaintiff filed a supplemental application. (ECF No. 4.) The Motion (ECF No. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl., ECF No. 1-2) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS in part** Plaintiff's Complaint.

    **I.**      **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

\* \* \*

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015). "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations

---

[1] Formerly 28 U.S.C. § 1915(d).

omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28

3

U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-CV-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.     ANALYSIS

The Undersigned concludes that Counts III and VI should proceed for further development and Counts I, II, IV, V, and VI should be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff brings this action against Defendants First Student, Inc., Lorrie McCoy, and First Advantage Corporation, alleging violations of 42 U.S.C. § 1983 (Count I); 42 U.S.C. § 1985(3) (Count II); 15 U.S.C. § 1681 (Count III); 42 U.S.C. § 12112 (Count IV); 18 U.S.C. § 1962(c) (Count V); and state law— Promissory Estoppel (Count VI) and Intentional Infliction of Emotional Distress ("IIED") (Count VII)—against all Defendants.  (Compl. at PageID 9–12.)  Plaintiff generally alleges that Defendants discriminated against her on the basis of her disability, conspired to violate her Fourteenth Amendment rights, and fraudulently altered her background report.  (*Id.* at PageID 7–12.)  Plaintiff seeks a variety of damages, attorneys' fees, and injunctive relief.  (*Id.* at PageID 14.)

### A.     Claims That May Proceed for Further Development

The Undersigned recommends that Count III and VI proceed for further development.  In Count III, Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by fraudulently altering her background check report.  (Compl. at PageID 7–11.)  In Count VI, Plaintiff alleges that Defendant McCoy "made a clear and definite promise of employment," Plaintiff reasonably relied on this promise, and her reliance resulted in damages.  (*Id.* at PageID 7, 12–13.)

At this stage of the case, without the benefit of briefing, the Undersigned finds that Plaintiff sufficiently alleged claims for violations of the FCRA and a claim of promissory

4

estoppel. To be clear, the Undersigned issues no opinion on the merits of this case. Accordingly, the Undersigned **RECOMMENDS** that Counts III and VI be allowed to **PROCEED** for further development.

### B. Claims That Should be Dismissed

The Undersigned recommends that the Court dismiss Counts I, II, IV, V, and VII for failure to state a claim upon which relief may be granted.

#### i. Count I – 42 U.S.C. § 1983

The Undersigned recommends that the Court dismiss Count I because Plaintiff fails to plausibly allege that Defendants are state actors. Plaintiff contends that Defendants violated 42 U.S.C. § 1983 by conspiring to deprive her of her Fourteenth Amendment rights. (Compl. at PageID 9–10.) 42 U.S.C. § 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under § 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person **acting under color of state law**." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted) (emphasis added). The United States Court of Appeals for the Sixth Circuit has identified three tests to determine whether a private party's actions "can be fairly attributed to the state": (1) the public function test; (2) the state-compulsion test; and (3) the nexus test. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)); *see also Webb v. Verizon Wireless Crossville, TN*, No. 3:25-CV-00022, 2025 WL 1828634, at *2–3 (M.D. Tenn. July 1, 2025) (describing each test).

Plaintiff provides a single, conclusory statement regarding only Defendant First Student Inc.'s "status" as a state actor: "First Student operates school transportation services under

5

government contract with Columbus City Schools and other Ohio school districts, making it a state actor for § 1983 purposes." (Compl. at PageID 9.)  Plaintiff's single allegation is far from sufficient to plausibly allege that any of Defendant's actions could be fairly attributed to the state under any of the three tests.  Nor do Plaintiff's allegations regarding Defendants' conspiracy save her claim.  She does not allege that any Defendant conspired with a state official.  *See Postles v. Courtner*, No. 1:24-CV-01081, 2024 WL 5151174, at *3 (W.D. Tenn. Nov. 26, 2024), *report and recommendation adopted*, No. 1:24-CV-1081, 2024 WL 5147646 (W.D. Tenn. Dec. 17, 2024) (dismissal of § 1983 claim because even though "private parties may act under color of state law for purposes of section 1983 liability when they act in concert with state officials," the plaintiff failed to allege any concerted effort between the defendant and state official). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count I for failure to state a claim upon which relief may be granted.

        ii.        **Count II – 42 U.S.C. § 1985(3)**

The Undersigned recommends that the Court dismiss Count II because Plaintiff has no actionable claim under 42 U.S.C. § 1985(3).  Plaintiff alleges that Defendants conspired "with the intent to deprive Plaintiff of equal protection of the laws and equal privileges and immunities under law . . . based on her disability status." (Compl. at PageID 10.)   The relevant portion of 42 U.S.C. § 1985(3) prohibits two or more persons conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).

Section 1985(3), however, does not apply to claims based on disability discrimination or animus.  *See Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir. 2000) (holding that plaintiff lacked § 1985(3) claim where she asserted disability discrimination).

As the court in *Bartell* explained:

6

> The Supreme Court has emphasized that § 1985(3) requires *inter alia* that a claimant establish "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). In *Browder v. Tipton,* 630 F.2d 1149 (6th Cir.1980), we held that § 1985(3) only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) "those individuals who join together as a class for the purpose of asserting certain fundamental rights." *Id.* at 1150; *see also Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.,* 32 F.3d 989, 994 6th Cir.1994).

(*Id.*)

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count II for failure to state a claim upon which relief may be granted.

### iii.  Count IV – 42 U.S.C. § 12112

The Undersigned recommends that the Court dismiss Count IV for failure to state a claim. Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA"), specifically 42 U.S.C. § 12112, by discriminating against her on the basis of her hearing disability. (Compl. at PageID 8–9, 11.) 42 U.S.C. § 12112 provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

As an initial matter, Count IV must be dismissed against Defendant McCoy. "[T]here is no individual liability under the ADA." *Hargrave v. MGM Grand Detroit*, No. 24-11736, 2025 WL 424504, at *2 (E.D. Mich. Feb. 6, 2025). *See also Abel v. Marlin Mfg. Co.*, No. 1:24-CV-1611, 2025 WL 2695799, at *4 (N.D. Ohio Sept. 22, 2025) ("Under Sixth Circuit law, the ADA generally does not impose liability upon individuals . . . .").

7

In addition, the Undersigned recommends that the Court dismiss Count IV against Defendants First Student, Inc. and First Advantage Corporation for failure to exhaust administrative remedies. "In the context of any employment discrimination claim, plaintiffs cannot file a judicial action on a claim they did not first raise and administratively exhaust in an EEOC charge." *Eady v. Ascend Transportation*, No. 1:23-CV-01131, 2023 WL 6626137, at *2 (W.D. Tenn. Oct. 11, 2023) (affirming recommendation to dismiss without prejudice ADA claim for failure to first file an administrative charge) (citing *Woodling v. GeoBuild, LLC*, No. 22-3499, 2023 WL 335283, at *2 (6th Cir. Jan. 20, 2023)). Plaintiff fails to allege that she exhausted her administrative remedies. "'[E]xhaustion of remedies requires that a plaintiff first file a charge with the EEOC; 'failure to do so is an appropriate basis for dismissal.'" *Woodling*, 2023 WL 335283, at *2 (quoting *Jones v. Natural Essentials, Inc.*, 740 F. App'x. 489, 492 (6th Cir. 2018)). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count IV for failure to state a claim upon which relief may be granted.

        **iv.**        **Count V – 18 U.S.C. § 1962(c)**

The Undersigned recommends that the Court dismiss Count V for failure to state a claim. To bring a civil RICO claim, a plaintiff must plead "'1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to business or property by reason of the above.'" *Anderson v. First Horizon Bank*, No. 2:22-CV-02429, 2024 WL 1696276, at *3 (W.D. Tenn. Apr. 19, 2024) (quoting *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993)).

Plaintiff alleges the following:

> Defendants conducted the affairs of an enterprise through a pattern of racketeering activity consisting of: a. Mail fraud (18 U.S.C. § 1341) through false communications; b. Wire fraud (18 U.S.C. §

8

> 1343) through electronic document alterations; c. Multiple instances of fraud affecting consumers nationwide. The Enterprise consists of First Student and First Advantage working together to systematically defraud job applicants.

(Compl. at PageID 11–12.) Construing her Complaint liberally, it appears that Plaintiff asserts that Defendants committed mail fraud by sending her a termination letter based on her purportedly false background check failure and committed wire fraud by altering her background report. (*Id.* at PageID 8.)

Most simply, Plaintiff's RICO claim fails because she fails to allege harm to her business or property. 18 U.S.C. § 1964(c); *Allen v. eBay, Inc.*, No. 2:20-CV-1744, 2020 WL 3396656, at *3 (S.D. Ohio June 19, 2020) ("a plaintiff advancing a civil RICO claim must allege injury to business or property"). In addition, "civil RICO claims 'with a single objective and a single victim are not sufficient to establish a pattern of racketeering activity, as they do not sufficiently evidence long-term criminal conduct.'" *Anderson v. First Horizon Bank*, No. 2:22-CV-02429, 2024 WL 1696276, at *3 (W.D. Tenn. Apr. 19, 2024) (quoting *Clair v. Bank of Am., N.A.*, 2016 WL 6092715, at *6 (W.D. Tenn. Oct. 19, 2016)). Plaintiff's two conclusory allegations, completely devoid of factual support, that Defendants committed "[m]ultiple instances of fraud affecting consumers nationwide" and "systematically defraud[ed] job applicants" are insufficient to plausibly state a claim. *See Allen*, 2020 WL 3396656, at *3 (The plaintiff's "civil RICO claims lack[] the factual specificity required under *Iqbal*. Specifically, Plaintiff's allegations of [criminal] enterprise, like his allegations of a pattern of racketeering activity, are conclusory and unsupported by specific plausible factual allegations . . . ."). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count V for failure to state a claim upon which relief may be granted.

9

### v. Count VII – Intentional Infliction of Emotional Distress

The Undersigned recommends that the Court dismiss Count VII for failure to state a claim. To bring an Ohio state law IIED claim, a plaintiff must plead the following elements:

> (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.

*Flagg v. Staples the Off. Superstore E., Inc.*, 138 F. Supp. 3d 908, 919–20 (N.D. Ohio 2015).

Plaintiff's entire IIED claim is as follows: "Defendants' conduct was extreme and outrageous, exceeding all bounds of decency. The betrayal from congratulatory hiring to fraudulent termination was calculated to cause severe emotional distress. Plaintiff suffered severe emotional distress as a direct result." (Compl. at PageID 12.) Construing Plaintiff's Complaint liberally, these conclusory allegations are insufficient to adequately plead that any Defendant intentionally inflicted emotional distress upon Plaintiff. *Smith v. Bank of Am., N.A.*, No. 1:11-CV-866, 2012 WL 1657349, at *5 (W.D. Mich. May 10, 2012) (dismissing IIED claim because "it merely states the elements of an IIED claim couched in factual conclusory statements"). For example, Plaintiff provides no factual allegations to support her claim of "severe emotional distress." *See also Iqbal*, 556 U.S. at 678 ("A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotations omitted). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count VII for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court permit Counts III and VI to proceed for further development and **DISMISS** Counts I, II, IV, V, and VI for failure to state a claim upon which relief may be granted.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: October 27, 2025  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE