# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**VICKIE M. STRINGER,**

     **Plaintiff,**

     **v.**                         **Case Number 2:25-cv-1055**
                                        **Judge Edmund A. Sargus, Jr.**

**FIRST STUDENT, INC., *et al.*,**        **Magistrate Judge Elizabeth P. Deavers**

     **Defendants.**

## <u>ORDER</u>

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge on October 27, 2025. (ECF No. 5.) Plaintiff Vickie M. Stringer filed a Motion to Proceed *in forma pauperis* ("IFP") (ECF No. 1) and attached a Complaint (ECF No. 1-2). She also filed a supplement to her IFP Motion. (ECF Nos. 3, 4, 7.) Her Complaint alleges that Defendants First Student, Inc., Lorrie McCoy, and First Advantage Corporation discriminated against her because of her disability, fraudulently altered her background check report, and conspired to violate her civil rights. (ECF No. 1-2.) She brings seven claims against Defendants: (I) violation of 42 U.S.C. § 1983; (II) violation of 42 U.S.C. § 1985; (3) (III) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; (IV) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (V) violation of the Racketeer Influenced and Corrupt Act, 18 U.S.C. § 1961 *et seq.*; (VI) promissory estoppel; and (VII) intentional infliction of emotional distress. (*Id.*)

The Magistrate Judge granted Ms. Stringer's IFP Motion. (ECF No. 5, PageID 42.) By initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge recommended that Plaintiff's Counts III and VI should proceed for further development, but Counts I, II, IV, V,

and VII should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (*Id.* PageID 45.)

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a Magistrate Judge's report and recommendation waives a de novo determination by the district court of any issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Ms. Stringer was advised of her right to object to the Order and Report and Recommendation and of the consequences of failing to do so. (ECF No. 5, PageID 52.) Ms. Stringer did not object to the Order and Report and Recommendation.

Accordingly, the Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation and **DISMISSES** Plaintiff's Counts I, II, IV, V, and VII against Defendants. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at 3124 Genevieve Drive, Columbus, OH 43219.

This case remains open.

**IT IS SO ORDERED.**

12/3/2025                                    s/Edmund A. Sargus, Jr.
DATE                                         EDMUND A. SARGUS, JR.
                                             UNITED STATES DISTRICT JUDGE